**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J&J PILOT CARS, LLC ) | |
| Serve: David Jordan, Registered Agent ) | |
| 22441 Highway F ) | |
| Sedalia, MO 65301 ) | Case No. _____ |
| ) | |
| and ) | |
| ) | |
| R& H Logistics, Inc. ) | |
| Serve: R. Fachon Reed ) | |
| 200 Mineral Springs Drive ) | |
| Keller, TX 76248 ) | |
| ) | |
| and ) | |
| ) | |
| Gary Lee Plummer ) | |
| 30901 MM Highway ) | |
| Warsaw, MO 65355 ) | |
| ) | |
| and ) | |
| ) | |
| Richard R. Smith ) | |
| 1024 Cherry Drive, Lot 7 ) | |
| Lexington, TX 78947 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Penn-Star Insurance Company, and pursuant to 28 U.S.C. § 2201, submits the following for its Complaint for Declaratory Judgment:

1

## PARTIES

1. Plaintiff Penn-Star Insurance Company ("Penn-Star") is an insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania.

2. Defendant J&J Pilot Cars, LLC ("J&J"), is a Missouri limited liability company and can be served by serving its Registered Agent David Jordan at 22441 Highway F, Sedalia, Missouri 65301.

3. Defendant R&H Logistics, Inc. ("R&H") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Keller, Texas. R&H can be served by serving its Registered Agent R. Fachon Reed at 200 Mineral Springs Drive, Keller, Texas 76248.

4. Defendant Gary Lee Plummer is an individual residing in the state of Missouri and can be served at 30901 MM Highway, Warsaw, Missouri 65355.

5. Defendant Richard R. Smith is an individual residing in the State of Texas, and can be served at 1024 Cherry Drive, Lot 7, Lexington, Texas 78947.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this matter under 28 USC §1332 because there is diversity of state citizenship between the Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. This Court has subject matter jurisdiction under 28 USC §§2201 – 2202 because Plaintiff seeks declaratory judgment against Defendants based on the construction and the interpretation of an insurance contract that is the subject of an actual controversy between the parties.

8. Venue is proper in this judicial district because under 28 USC §1391(b)(2), a substantial part of the events or omissions giving rise to this declaratory judgment action occurred in this judicial district.

## THE UNDERLYING LAWSUIT

9. On July 19, 2019, Julie L. Lorenz, Secretary, Kansas Department of Transportation ("Underlying Plaintiff"), filed a Petition for Damages against R&H Logistics, Inc. and Richard R. Smith (collectively referred to as the "R&H Parties"), in the District Court of Wilson County, Kansas, Case Number 2019-CV-00023 (hereafter the "Underlying Lawsuit"). A copy of the Petition for Damages filed in the Underlying Lawsuit is attached as Exhibit "A" and is incorporated by reference.

10. Underlying Plaintiff's Petition asserts that on July 19, 2017, Smith was operating R&H's vehicle traveling westbound on U.S. 400 highway in Wilson County, Kansas transporting an oversize/overweight superload.

11. Underlying Plaintiff's Petition asserts that on July 19, 2017, the R&H Parties were transporting the superload pursuant to permit number 17047381 issued to R&H by the Kansas Department of Transportation.

12. Underlying Plaintiff's Petition asserts that on July 19, 2017, as the R&H Parties were westbound on U.S. 400 highway, they struck the U.S. 75 highway overpass with its oversized load, causing damage to the overpass.

13. Underlying Plaintiff's Petition asserts that the R&H Parties failed to comply with superload permit number 17047381, which required R&H to exit U.S. 400 highway at the U.S. 75 highway overpass, and then re-enter U.S. 400 highway at the next westbound entrance after U.S. 75 highway.

14. Underlying Plaintiff's Petition asserted that the damage to the U.S. 75 highway overpass was caused or contributed to be caused by the R&H Parties' negligence.

15. Underlying Plaintiff asserts its damages are in excess of $900,000.

16. On May 29, 2020, the R&H Parties filed a Third-Party Petition in the Underlying Lawsuit asserting claims against J&J and Plummer (J&J and Plummer are hereafter referred to as the "J&J Parties"). A copy of the Third-Party Petition is attached as Exhibit "B".

17. In the R&H Parties' Third-Party Petition, the R&H Parties assert the load they were transporting on July 19, 2017 originated in Fort Scott, Kansas and its destination was Sawyer, Oklahoma.

18. In the R&H Parties' Third-Party Petition, they allege it contracted with J&J to provide escort services for R&H's superload.

19. In the R&H Parties' Third-Party Petition, they allege J&J assigned Plummer to operate the escort vehicle.

20. In the R&H Parties' Third-Party Petition, they allege the J&J escort vehicle was traveling in front of R&H's superload.

21. In the R&H Parties' Third-Party Petition, they allege the Kansas Department of Transportation issued R&H two superload permits, the first permit was number was 17047144, and the second permit was number 17047381.

22. In the R&H Parties' Third-Party Petition, they allege under both superload permits, the R&H superload was required to exit U.S. 400 highway at the U.S. 75 highway overpass and then re-enter U.S. 400 highway at the next westbound entrance after U.S. 75 highway.

23. In the R&H Parties' Third-Party Petition, they allege Plummer was given a copy of one of the superload permits and, therefore, the J&J Parties knew or should have known the R&H

4

superload was required to exit U.S. 400 highway at the U.S. 75 highway overpass and then re-enter U.S. 400 highway at the next westbound entrance after U.S. 75 highway.

24. In the R&H Parties' Third-Party Petition, they allege that on July 19, 2017, as the R&H and J&J vehicles traveled westbound on U.S. 400 highway, the R&H and J&J vehicles were equipped with CB radios so Smith and Plummer could communicate during the trip.

25. In the Third-Party Petition, the R&H Parties allege that as the R&H and J&J vehicles approached U.S. 75 highway, the J&J escort vehicle failed to exit in accordance with the superload permit.

26. In the Third-Party Petition, the R&H Parties allege that as the R&H and J&J vehicles approached U.S. 75 highway, the J&J Parties failed to alert the R&H Parties to take the exit from U.S. 400 highway to bypass the U.S. 75 overpass before the R&H Parties reached the overpass.

27. In the Third-Party Petition, the R&H Parties allege that as a result of the J&J Parties' failure to exit U.S. 400 highway and failure to alert the R&H Parties to exit U.S. 400 highway at the U.S. 75 overpass, the J&J Parties contributed to cause the R&H Parties' vehicle to strike the U.S. 75 overpass, leading to the damages allege by the Underlying Plaintiff.

28. In the Third-Party Petition, the R&H Parties allege the J&J Parties were negligent and negligent per se.

**THE INSURANCE POLICY**

29. Penn-Star issued Commercial General Liability Policy No. PAC7125381, with a policy period of February 23, 2017 to February 23, 2018 ("the Policy"). A true and correct copy of the Policy is attached as Exhibit "C".

30. J&J is the named insured on the Policy and at all relevant times to the instant action, Plummer was an insured under the Policy.

31. The Policy contains SECTION V – DEFINITIONS, which defines the following terms:

   a. The term "auto" means "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment;" or "any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged."

   b. The term "property damage" is defined to mean "physical injury to tangible property, including all related loss of use of that property. . ."

   c. The term "suit" is defined to mean "a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged…"

32. The Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY with language stating in relevant part:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      1. The "bodily injury" or "property damage" is caused by an "occurrence". . .

33. The Policy contains SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, which states in Paragraph 2.g "This insurance does not apply to…Aircraft Auto or Watercraft" and states in pertinent part:

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated

6

by or rented or loaned to any insured.  Use includes operation and "loading and unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrong doing in the supervision, hiring, employment, training, or monitoring of others by the insured if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured…."

34.     The Policy contains an endorsement entitled AUTO EXCLUSION which deletes Paragraph 2.g in its entirety and replaces it with the following in pertinent part:

This insurance does not apply to:

"Bodily injury" or "property damage" arising out of the ownership, maintenance or use by any person or entrustment to others, of any aircraft, "auto", or watercraft.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved an aircraft, "auto", or watercraft.  Use includes operation and "loading and unloading…"

## REQUEST FOR DECLARATORY JUDGMENT

35.     Penn-Star has been defending the J&J Parties in the Underlying Lawsuit subject to a reservation of the right to deny coverage under the Policy and/or seek a declaration of its rights.

36.     Penn-Star has no duty to defend or indemnify the J&J Parties as the Underlying Lawsuit asserts a claim for "property damage" arising out of the "ownership, maintenance or use by any person" of "any… 'auto'", which is excluded from coverage by the endorsement entitled "AUTO EXCLUSION".

37.     Therefore, Penn-Star is not obligated to defend or indemnify the J&J Parties for any liability they may incur to the R&H Parties in the Underlying Lawsuit.

38.     Under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has the power to resolve questions of construction and legal relations between Penn-Star

and the J&J Parties concerning the coverage available under the Policy for the claims asserted by the R&H Parties against the J&J Parties in the Underlying Lawsuit.

39. The question regarding whether the Policy provides coverage for the claims and damages alleged in the Underlying Lawsuit against the J&J Parties involves an actual, justiciable controversy ripe for consideration by this Court, making declaratory relief proper.

40. Therefore, Penn-Star seeks a declaratory judgment that it has no duty to defend or indemnify the J&J Parties against any of the claims or allegations against them in the Underlying Lawsuit.

WHEREFORE, Penn-Star Insurance Company hereby asks this Court for declaratory judgment and other relief as follows:

a. Finding that the Policy issued by Penn-Star Insurance Company to J&J Pilot Cars, Inc. does not provide coverage for the claims alleged by the R&H Parties against the J&J Parties in the Underlying Lawsuit;

b. Finding that Plaintiff Penn-Star Insurance Company has no duty to defend the J&J Parties in the Underlying Lawsuit;

c. Finding that Plaintiff Penn-Star Insurance Company has no duty to indemnify the J&J Parties in the Underlying Lawsuit;

d. Awarding Plaintiff Penn-Star Insurance Company all other and further relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests and demands a trial by jury on all issues raised in Plaintiff's Complaint and/or herein which may be decided by a jury.

Respectfully submitted,

FOLAND, WICKENS, ROPER,
 HOFER & CRAWFORD, P.C.


       */s/ Scott D. Hofer*
Scott D. Hofer			KS #15787
Kyle N. Roehler			KS #19374
1200 Main Street, Suite 2200
Kansas City, MO 64105-2159
816-472-7474
816-472-6262 Facsimile
shofer@fwpclaw.com
kroehler@fwpclaw.com
***ATTORNEYS FOR PLAINTIFF***
***PENN-STAR INSURANCE COMPANY***